# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAMRAN DURHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-CV-273-JHP-PJC |
| ) | |
| MCDONALD'S RESTAURANTS OF ) | |
| OKLAHOMA, INC., an Oklahoma Corporation, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Now before the Court is the defendant, McDonald's Restaurants of Oklahoma, Inc.,'s ("McDonald's)  motion for summary judgment, a response to said motion filed by the plaintiff, Camran Durham,  and Defendant's reply.  Defendant seeks to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 56.

### Background

Plaintiff brings this action against McDonald's alleging he was discriminated against based on his learning disability and seizure disorder by Kenneth Knox ("Mr. Knox"), a certified swing manager.  Plaintiff claims that on June 1, 2006, Mr. Knox refused to allow him to take a break so that he could take his seizure medication, slapped his hand and called him a derogatory name.  Plaintiff immediately left the McDonald's restaurant and never returned and never reported the incident.  Plaintiff does not allege any other instances of harassment/discrimination.

**DISCUSSION**

In general, summary judgment is proper where the pleadings depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. An issue of fact is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue is "material" if proof thereof might affect the outcome of the lawsuit as assessed from the controlling substantive law. *Id.* at 249.

In considering a motion for summary judgment, this court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Mickelson v. New York Life Ins. Co.,* 460 F.3d 1304, 1310 (10th Cir. 2006). Furthermore, if on any part of the prima facie case there is insufficient evidence to require submission of the case to the jury, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986). In addition, one of the principal purposes of summary judgment is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex Corp. v. Catrett*, 477 U.S. 317,323-24 (1986). The nonmovant, however, must still identify sufficient evidence requiring submission to the jury to survive summary judgment. *Piercy v. Maketa,* 480 F.3d 1192, 1197 (10th Cir. 2007).

In order to establish a prima facie case of disability discrimination under the ADA, Plaintiff bears the burden of proving each of the following elements: (1) he is a disabled person as defined by the ADA; (2) he is qualified, with or without reasonable accommodation, to

perform the essential functions of the job held or desired; and (3) the employer discriminated against him because of his disability.  *See Doyal v. Oklahoma Heart, Inc.*, 213 F.3d 492, 495 (10th Cir. 2000)(citing *Taylor v. Pepsi-Cola Co.*, 196 F.3d 1106, 1109 (10th Cir. 1999)).

The ADA defines a "qualified individual with a disability" as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires."  *42 U.S.C., §12111(6); Sutton v. United Airlines, Inc.,* 527 U.S. 471, 478 (1999).  The statute defines disability as : (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such impairment; or ( C ) being regarded as having such an impairment. *42 U.S.C., §12102(2).*  Plaintiff's Amended Complaint alleges only that he falls under categories (A) and ( C ).

In order to meet the definition of subsection (A), the Court must determine (1) whether the plaintiff has an impairment, (2) must identify the life activity upon which the plaintiff relies and determine whether it constitutes a major life activity under the ADA, and (3) whether the impairment substantially limited the major life activity.  *See Doyal*, 213 F.3d at 495 (citing *Bragdon v. Abbott*, 524 U.S. 624 (1998)).  The "determination as to whether an individual is a 'qualified individual with a disability' must be made as of the time of the employment decision." *Corley v. Dept. of Veterans Affairs ex rel. Principi*, 218 Fed.Appx. 727, 733 (10th Cir. 2007)(quoting *Cisneros v. Wilson*, 226 F.3d 1113, 1129 (10th Cir. 2000).  The plaintiff must "articulate with precision the major life activity affected by his impairment," and the court is to consider only the major life activity pled by the plaintiff.  *Corely,* 218 Fed.Appx. at 733 (citing *Poindexter v. Atchinson, Topeka and Santa Fe Railway Co.,* 168 F.3d 1228, 1232 (10th Cir.

1999); <u>Dilley v. Supervalu, Inc.</u>, 296 F.3d 958, 965 (10th Cir. 2002).

However, "a 'disability' exists only where an impairment 'substantially limits' a major life activity, not where it 'might,' 'could,' or 'would,' be substantially limiting if mitigating measures were not taken." <u>Sutton</u>, 527 U.S. at 482. Therefore, a "person whose physical or mental impairment is corrected by medication or other measures does not have an impairment that presently 'substantially limits' a major life activity." <u>Id</u>. To be substantially limited in a major life activity, the "impact of the impairment must "be permanent or long term." <u>McGeshick v. Principi</u>, 357 F.3d 1146, 1150 (10th Cir. 2004)(quoting <u>Toyota Motor Mfg., Ky., Inc. v. Williams</u>, 534 U.S. 184, 198 (2002).

Plaintiff concedes that his seizure disorder is and was controlled by medication and that his seizure medication has no effect on his life. Therefore, his seizure disorder as a matter of law does not, and did not at the time of his employment with McDonald's, "substantially limit" a major life activity. Plaintiff testified that in 2006, the year he was employed by McDonald's for three days, he had a seizure approximately every six months. However, Plaintiff never had a seizure during the period of his employment.

Case law establishes that a minimal frequency of seizures is not "permanent or long term" enough" to substantially limit a major life activity so as to qualify under the ADA. In <u>Corley</u>, 218 Fed. Appx. at 735, the Tenth Circuit Court of Appeals determined that seizures occurring on average one per month over a two and a half year period constituted "only a sporadic or intermittent impairment." Plaintiff's seizure disorder did not have a "permanent or long term" effect on any major life activity. See also <u>Ainsworth v. Independendt School District No. 3</u>, 2006 WL 1548838, at 3 (N.D. Okla. 2006)("assumption that epilepsy is, as a matter of

4

*law, a disability, is incorrect.").*

Similar to his seizure disorder, Plaintiff's syncope, or raised heart rate, is well controlled by medication. Plaintiff did not recall the last time he had a raised heart rate, and speculated that in 2006 he would experience a raised heart rate approximately once every six (6) months. Disorders such as syncope, that are well controlled by medication, do not qualify under the ADA as a disability because they do not effect a major life activity.

Plaintiff has also failed to provide any medical evidence to support the allegation that he has a learning impairment, including the nature and scope of the alleged impairment. However, construing the unsupported allegation as true, Plaintiff would still not qualify as disabled under the ADA because any such impairment does not affect his daily life. Plaintiff testified that his alleged learning impairment does not affect his daily life. As such, it does not affect a major life activity and cannot qualify Plaintiff as a disabled person under the ADA.

Neither can Plaintiff demonstrate that he was perceived as disabled. While Plaintiff alleges that his mother informed McDonald's of his seizure disorder, learning impairment and other disorders, he can present no evidence that McDonald's perceived him as disabled within the meaning of the ADA because of that information. There are two ways an employee may qualify as disabled under the ADA, 42 U.S.C., §12102(2), subsection C: (1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities; or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities. *Sutton*, 527 U.S. at 489.

Plaintiff has presented no evidence that McDonald's treated him in any way as if it perceived him as limited in one or more major life activities. Further, Plaintiff has presented no

evidence that Mr. Knox knew about his alleged disabilities or perceived that he was disabled. Plaintiff testified he only worked with Mr. Knox for two days and presents no evidence that during those two days Mr. Knox would have perceived Plaintiff as a slow learner. *See* <u>Martinez v. City of Roy</u>, *141 F.3d 1185, at 3 (10th Cir. 1998)(unpublished opinion)(visible, non-disability skin condition did not render pool employee's request for a doctor's note an act of discrimination based on perceived disability).* To the contrary, Plaintiff never gave any sign that he was disabled. Plaintiff always completed his work, never asked to be excused from performing a job duty and admitted he was fully trained to do the job he believed he was hired to do. Construing the allegations of Plaintiff as true, Plaintiff admits he was treated well the first two days of his job, received breaks and got along well with Mr. Knox. Plaintiff cannot demonstrate that the isolated alleged incident of refusing him a break and name calling was initiated by McDonald's belief that he was disabled.

Plaintiff also brings a claim for hostile work environment and constructive discharge under the ADA. Plaintiff has conceded that under the ADA, as interpreted under current law, his seizure and heart conditions are not disabilities and he is therefore not a disabled person under the statutes based on those conditions. Additionally, Plaintiff has failed meet the threshold requirement that his learning disability significantly affects a major life activity and therefore cannot meet his burden to establish he is disabled under the statute based on that condition.

Assuming Plaintiff could demonstrate that his learning impairment qualified him under the ADA, Plaintiff has failed to meet his burden of demonstrating that McDonald's created a workplace permeated with "discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive

working environment." *Penry v. Fed. Home Loan Bank of Topeka*, 155 F.3d 1257, 1261 (10th Cir. 1998).

Plaintiff did not interpret Mr. Knox's alleged slap as an assault, or an attempt to prevent him from taking his medication, but as "no big deal — an attempt to get his attention." Plaintiff admits that other than the one alleged instance, the entirety of his employment with McDonald's was "all right" and that this was the only time Mr. Knox "did him wrong." The record, including Plaintiff's admissions, reveals that the conduct alleged was neither severe or pervasive as required to maintain the action. A single incident in the midst of a workplace in which Plaintiff admittedly received respectful treatment hardly renders the environment permeated. Nor does Plaintiff cite any case law in which a single incident of name calling constitutes severe or pervasive conduct under the applicable standard.

In regard to Plaintiff's pendent state claims, the Court can find no compelling reason for retaining jurisdiction. "If the federal claim is dismissed before trial, ...the state law claim will generally be dismissed as well. Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." *Thatcher Enterprises v. Cache County Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990), see also, *Ashley Creek Phosphate Co. v. Chevron USA, Inc.*, 2003 WL 23106 (10th Cir. January 2, 2003)(*Deciding dispositive motions addressed to pendent state law claims is not favored, unless it appears a federal claim will proceed to trial, or a decision is necessary because of some peculiar aspect of the case*).

Accordingly, Defendant's Motion for Summary Judgment is granted.

**IT IS SO ORDERED** this 22nd of August, 2008.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma